# IN THE COURT OF APPEALS OF IOWA

No. 14-1666
Filed February 25, 2015

**IN THE INTEREST OF L.B.,**
**Minor Child,**

**B.B., Mother,**
  Appellant.

_____

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

A mother appeals from the order terminating her parental rights.
**AFFIRMED.**

Colin L. McCormack of Van Cleaf & McCormack Law Firm, L.L.P., Des Moines, for appellant mother.

Bryan J. Tingle of Tingle Law Firm, Des Moines, for father.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, John P. Sarcone, County Attorney, and Kevin Brownell, Assistant County Attorney, for appellee State.

ConGarry Williams, Juvenile Public Defender, Des Moines, for minor child.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

A mother appeals from the order terminating her parental rights to her child, L.B., born in February 2013.[1] The juvenile court terminated the mother's rights pursuant to Iowa Code section 232.116(1)(d) and (h) (2013). She contends there is insufficient evidence to support termination under either ground and that the bond between mother and child should preclude termination in any event.

We conduct a de novo review of termination-of-parental-rights proceedings. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

On appeal, we may affirm the juvenile court's termination order on any ground we find supported by clear and convincing evidence. *Id.* at 707. Upon our de novo review, we conclude grounds for termination exist under section 232.116(1)(h).[2]

Iowa Code section 232.116(1)(h) provides that termination may be ordered when there is clear and convincing evidence that a child three years of age or younger who has been adjudicated a child in need of assistance (CINA) and removed from the parents' care for at least the last six consecutive months cannot be returned to the parents' custody at the time of the termination hearing.

At the time of the termination trial, L.B. was not yet two years old, was adjudicated a CINA on January 27, 2014, and had been out of the mother's custody since November 15, 2013. L.B. was removed from the mother's custody

---

[1] The putative father's rights were also terminated. He has not appealed.
[2] The juvenile court's findings are supported by the evidence, and the final ruling provides a well-reasoned analysis, with which we agree. We only summarize the findings necessary to this opinion.

after another child, a half-sibling, suffered burns while in the mother's care. In the CINA adjudication order, the court found:

> There is substantial evidence to support the allegations in the removal application. The child's life or health would be in imminent danger if returned to the custody of a parent. The mother is facing criminal charges involving the intentional physical abuse of another unrelated child. The child was badly burned while allegedly in her sole care. . . . Placement outside the parental home is necessary because continued placement in or a return to the home would be contrary to the child's welfare because of exposure to physical abuse, criminal conduct, and improper supervision.

L.B. was placed in the maternal grandmother's custody and care.[3] In May 2014, the mother absconded with the child. The two were located in Las Vegas, Nevada, in June. The child was returned to Iowa and placed in foster care. The child could not be returned to the mother's care at the time of the termination trial because the mother was in jail in Nevada,[4] her mental health issues remained unresolved,[5] and criminal charges related to the injured child were still pending.

---

[3] In the petition on appeal, the mother contends the minor child was not outside the mother's custody for six months as she was with the child every day although technically placed with the maternal grandmother. However, this issue was not addressed by the juvenile court, and we find it not preserved for our review. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases.").

[4] The mother was awaiting extradition. She was not transported from Nevada for the termination trial because she was pregnant and authorities believed delivery was imminent. (The termination ruling suggested she was in jail until she gave birth.) She was given the opportunity to testify by deposition but invoked her Fifth Amendment rights.

[5] The mother was committed to a mental health facility in 2008, at which time her mother alleged chronic substance abuse and mental health impairment. The disposition order entered on March 20, 2014, indicates the mother "struggles with anxiety and depression" and "should obtain a psychiatric evaluation to determine if medication would be helpful." On April 7, 2014, Dr. J. Patrick Bertroche wrote a letter in which he diagnosed the mother with adjustment disorder with mixed anxiety and depressed mood; medication was not recommended, but ongoing therapy was. The mother attended one therapy session with Alicia Wilkinson in April, who recommended she participate in a full psychological evaluation. The mother absconded about this time.

In deciding whether to terminate parental rights based on a particular ground, we must give primary consideration to "the child's safety, . . . the best placement for furthering the long-term nurturing and growth of the child, and . . . the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *see D.W.*, 791 N.W.2d at 708. The mother asks that her parental rights not be terminated because she and the child have a "substantial bond." Iowa Code section 232.116(3)(c) allows the juvenile court not to terminate when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." "'The factors weighing against termination in section 232.116(3) are permissive, not mandatory.'" *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citation omitted). We are not persuaded the bond between mother and child precludes termination here. The child deserves stability and permanency, which the mother is unable to provide. We therefore affirm the termination of the mother's parental rights.

**AFFIRMED.**